**J. M. DISHEROON, Appellant,**

v.

**Ben COX et al., Appellees.**

No. 15141.

Court of Civil Appeals of Texas.

Dallas.

June 15, 1956.

W. A. McLaughlin and G. Q. Youngblood, Dallas, for appellant.

Eades & Eades, Eric Eades, Jr., W. H. Hall and Leland M. Johnson, Dallas, for appellees.

DIXON, Chief Justice.

This is a boundary line dispute in which appellant J. M. Disheroon filed suit against appellees Ben Cox and C. H. Goza. Both appellees filed cross-actions.

The parties are owners of adjoining lots in West Dallas. Since 1946 appellant has owned and had his home on Lot 6, 57' by 152.5', Lyons Addition, now in the City of Dallas, Texas. His property faces south on Pollard Street.

Since 1922 appellee Ben Cox has owned and had his home on a lot 100' by 170' facing west on Darien Street. Since 1953 appellee Goza has owned and had his home on a lot also 100' by 170' also facing west on Darien Street and lying immediately north of Cox' lot. Goza's immediate predecessor in title was T. B. Cash, who had owned and had his home on the lot from 1934 to 1953. Parts of appellees' rear or east line as shown of record constitute the record west side line of appellant's property. It is appellees' rear or east property

line (the same as appellant's west side line) which is the center of the controversy.

Appellant's amended petition alleges that when he bought his lot in 1946 there was a fence running north and south which had been constructed by appellee Cox about twenty-five years earlier, and which had been recognized as marking the boundary line between appellant's and Cox' properties. This fence had been extended on across the rear of appellee Goza's property when owned by T. B. Cash, and for many years had been recognized as marking the boundary line between appellant's and the Cash (Goza) properties. But about two years prior to the trial Cox had built a new fence several feet further east, thus encroaching on appellant's property. Some time later Goza, who meantime had bought the Cash property, also moved his fence several feet further east. Both appellees also built walls or structures which caused water to overflow on appellant's property. Appellant prayed for a money judgment of $2,000 as damages, for a mandatory injunction to require appellees to move their fences or other structures from his property, and for general relief.

Appellant did not plead title by adverse possession and limitation.

Appellees answered by way of general denial and pleas of not guilty. In his cross-action appellee Cox pled a statutory trespass to try title action and specially pled title by adverse possession under the three, ten and twenty-five-year statutes of limitation. Appellee Goza in his cross-action asserted the suit was a boundary line dispute and sued for slander of title. He also specially pled title by adverse possession for more than ten years on the part of himself and his predecessor in title.

The parties stipulated that each of the litigants owned record title to his property through a regular chain of title. Many of the other facts are undisputed. The old fence across Cox' property had been built by Cox more than 25 years prior to the trial. It stood in various states of repair and lack of repair until 1951, when Cox tore it down and built a new fence several feet further east. Some time thereafter Goza also moved his fence several feet further east.

Appellant Disheroon testified that the old fence was on the boundary line.

Appellee Ben Cox testified that many years ago he had built a fence across the rear part of his lot. He had not attempted to put the fence on the boundary line, for at that time he didn't know where the line was located. He had just tied the fence onto the rear corner of his barn for convenience, to keep his stock and chickens in. His neighbors to the north by the name of Cash (Goza's predecessor in title) had also built a fence across their lot, which fence tied onto the other rear corner of Cox' barn. In 1951 appellant Disheroon had his lot surveyed. The surveyor drove stobs into the ground. Cox then moved his fence, lining it up with the Surveyor's stobs. Cash did not move his fence back, but later Goza, who had meantime bought the property, did move his fence back.

Mrs. Ben Cox in the main corroborated her husband's testimony. The barn to which the old fence was tied was about fifteen feet wide. The Disheroon property was then a vacant unfenced lot.

Mrs. T. B. Cash testified that when she and her husband bought their lot in 1934 there was a fence along the rear. Mr. Cash moved the fence in to keep stock from tearing it down and to protect the Cashes' garden. When they sold the lot to Goza in 1953, it was surveyed, and the stobs were put where the original fence was. She had never had any discussion with neighbors as to where the line was. When the fence was moved in, it was just attached to Mr. Cox' barn.

Other persons testified that the old fence had stood many years. No one testified to the exact location of the old fence with reference to the new fence, though the witnesses agreed that the new fence had

been moved some distance to the east of the old fence. One end of the old fence tied onto the corner of Cox' barn. Thus the corner of the barn could be used as a starting point in locating the old fence, but there is no evidence locating the point where the fence ended.

O. R. McElya, a surveyor, testified that he had made a survey of Lyons Addition in August 1955, in order to locate the west line of the Addition, which line is the west line of Disheroon's lot and the east or rear line of Goza's and Cox' lots as shown by recorded plats. Goza's fence at the time of McElya's survey was located on the line. Part of Cox' fence was on the line and part of it was not quite on the line, being still inside Cox' property. Neither fence was to the east of the line over into Disheroon's property as shown by the survey.

 In his brief appellant asserts in five points on appeal that appellant and his predecessors in title held adverse possession of the property for more than 10, 20, and 25 years, hence appellant had acquired title by limitation and estoppel. But as already stated, appellant did not plead title by adverse possession and limitation, or estoppel. Nor was the case tried on such theory. Further, the testimony will not support a claim of title in appellant on that basis.

In his first, second, third and fifth points on appeal appellant also asserts that the old fence was recognized by all parties as marking the true property line. However, the testimony does not support appellant's contention. Appellant himself testified that he considered the old fence marked the true boundary line, but there is no testimony in the record that either appellee Cox or appellee Goza, or Cash, Goza's predecessor in title, so recognized the old fence. In fact the testimony is to the contrary. The testimony also shows that with the new fences located on the boundary line, appellant has possession of a lot 57' by 152.5', which are the dimensions of the lot to which he claims he is entitled.

In order to establish a boundary line by agreement, acquiescence, or recognition, it is necessary to prove that the owners *on both sides* agreed to, acquiesced in, or recognized the line as the boundary line. Fulford v. Heath, Tex.Civ.App., 212 S.W.2d 649. Acquiescence alone will not support a finding of an agreement establishing a boundary line when it is affirmatively shown that the use of the line resulted not from agreement but from mistaken belief of the parties that it was the true line. Great Plains Oil & Gas Co. v. Foundation Oil Co., 137 Tex. 324, 153 S.W. 2d 452.

Appellant's points on appeal are overruled.

The judgment of the trial court is affirmed.